UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KIMBERLY MELROSE,
BARBARA REGINA CARVAJAL,
DEBORAH LOUISE RIESS and
CODIE REBECCA DILLASHAW on behalf of themselves
and all similarly situated individuals,

    Plaintiffs,

vs.

WALTER'S COFFEE SHOP, INC.,
a Florida Profit Corporation, GRACE BERBRICK,
individually and LEONARD BERBRICK, individually

    Defendants
_____/

## COMPLAINT CLASS AND COLLECTIVE ACTION

Plaintiffs, KIMBERLY MELROSE (hereinafter "MELROSE"), BARBARA REGINA CARVAJAL (hereinafter "CARVAJAL"), DEBORAH LOUISE RIESS (hereinafter "RIESS"), and CODIE REBECCA DILLASHAW (hereinafter "DILLASHAW") (collectively "Plaintiffs") on their own behalf and on behalf of other similarly situated current and former "waiters" employees, by and through undersigned counsel, hereby file the instant action pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq., (hereinafter the "FLSA"). The instant action is filed as both a proposed "opt-in" collective action (as to the FLSA claims, which include both overtime and federal minimum wage claims) against Defendants, WALTER'S COFFEE SHOP, INC., a Florida for Profit Corporation, (hereinafter "WALTER'S COFFEE SHOP"), GRACE BERBRICK, individually and LEONARD BERBRICK, individually, (collectively referred to as "Defendants") in support thereof, Plaintiffs state as follows:

1

## OVERVIEW

1. Plaintiffs and all those similarly situated are current or former "waiters" who were employed by Defendants in Miami, Florida.

2. This six-count Complaint is brought on behalf of the Plaintiffs and all others similarly situated who worked for the Defendants and brings causes of action for:

   a. Count I: a proposed "opt-in" national collective action for the recovery of unpaid overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. §201 et seq.;

   b. Count II: a proposed "opt-in" national collective action for the recovery of unpaid minimum wages pursuant to 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. § 201 et seq.;

2. Plaintiffs bring their FLSA overtime and minimum wage claims (Counts I-VI) as a proposed 29 U.S.C. § 216(b) "opt-in" collective action and seek to recover unpaid wages, unpaid overtime wages, liquidated damages, declaratory relief and reasonable attorneys' fees and costs on behalf of themselves and all similarly situated employees who eventually opt in to the class and who worked for the Defendants within the three (3) years preceding the filing of this action (the "Collective Action Class").

3. Plaintiffs know of numerous other similarly situated individuals who are interested in opting into the collective class being proposed via this action and who are interested in the creation of an FLSA collective action with Court-supervised notice of opt-in rights to all others similarly situated.

## JURISDICTION AND VENUE

4. This is an action for damages and other relief for unpaid wages, unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

5. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

6. Venue is proper for the United States District Court for the Southern District of Florida because:

    a. Plaintiffs were employed in the Southern District of Florida by Defendants, which at all times material, conducted, and continue to conduct, substantial business in the Southern District of Florida; and

    b. Additionally, venue lies pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within the Southern District of Florida, and because Defendants are subject to personal jurisdiction there.

## PARTIES

7. The Plaintiffs and those similarly situated to them are sui juris adult individuals who are current or former employees of Defendants who worked for Defendants as "waiters" within the three (3) years preceding the filing of this Complaint.

8. Plaintiffs are currently residents of the State of Florida. They have all worked for the Defendants as "waiters" in Miami Dade County, Florida, during the three (3) years before the date on which this Complaint was filed.

9. Plaintiff, MELROSE began her employment in January 1998 and remained employed until March 2021 as a waitress. MELROSE's written consent to join this action as Plaintiff is filed herewith (Exhibit "A").

10. Plaintiff CARVAJAL began her employment in December 2017 and remained employed until May 21, 2022, as a waitress. CARVAJAL's written consent to join this action as Plaintiff is filed herewith (Exhibit "B").

11. Plaintiff RIESS began her employment in 2006 and remained employed until July 17, 2022,

as a waitress. RIESS' written consent to join this action as Plaintiff is filed herewith (Exhibit "C").

12. Plaintiff DILLASHAW began her employment in August 2016 and remained employed until May 2022 as a waitress. DILLASHAW's written consent to join this action as Plaintiff is filed herewith (Exhibit "D").

13. WALTER'S COFFEE SHOP is a Florida for Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Coffee Shop had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

14. WALTER'S COFFEE SHOP is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. At all times material to this Complaint, WALTER'S COFFEE SHOP and has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

16. Specifically, Defendant WALTER'S COFFEE SHOP, is a restaurant where they use goods transported across interstate lines.

17. Based upon information and belief, WALTER'S COFFEE SHOP, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

18. Defendants GRACE BERBRICK and LEONARD BERBRICK are corporate officers, owners,

4

and CEOs of WALTER'S COFFEE SHOP, and exercised operational control over the activities of, corporate Defendant, WALTER'S COFFEE SHOP.

19. Defendants GRACE BERBRICK and LEONARD BERBRICK acted directly in the interest of their company, WALTER'S COFFEE SHOP. Upon all available information, GRACE BERBRICK and LEONARD BERBRICK controlled the manner in which Plaintiffs and other similarly situated employees performed their work and the pay they were to receive.

20. All Defendants were "employers" of Plaintiffs as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS RELATED TO PLAINTIFFS' MINIMUM WAGE CLAIMS

21. Plaintiffs and other similarly situated employees are all current and former tipped employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

22. Defendants did not satisfy the strict requirements to use the tip credit. Defendants maintained a policy and practice whereby they failed to provide the Plaintiffs and the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, (4) that the hourly wage paid to the Plaintiff and Class Members could not be lower than the minimum tipped wage, and (5) that the tip credit shall not apply to any employee who does not receive the notice.

23. Defendants also maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiffs and the Class Members were engaged in dual occupations while being

compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

24. These duties include but are not limited to the following: cleaning tables, cleaning the kitchen, amongst other activities that were not related to tipped duties.

25. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent and/or for consecutive periods of time of more than 30 minutes, performing non-tip producing side work related to the employees' tipped occupation. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

26. Specifically, Defendants maintained a policy and practice whereby tipped employees, were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to setting up tables, wiping booths, cleaning tables, mopping floors, refilling condiments, rolling silverware, refilling sugar, refilling salt and pepper, restocking the wait station, cutting vegetables and preparing food before opening.

27. However, Defendants did not pay their tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiff and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

28. Defendants did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendants were capable of doing so. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff or the Class Members.

29. Moreover, Defendants violated the FLSA by not even paying the minimum "tipped" hourly rate. Because Defendants paid their tipped employees below the minimum tipped wage applicable, their compensation fell below the minimum wage rate, thereby negating Defendants' entitlement to claim the tip credit. Specifically, Plaintiffs were compensated at $5.49/hr in 2019, $$5.54/hr in 2020, and $6.98/hour in 2021 and 2022.

30. As such, Plaintiff and the FLSA Class Members were not compensated at the applicable mandated minimum wage for each hour worked during the relevant time period.

31. Defendants knew or should have known that their policies and practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out the illegal pattern and practice regarding their tipped employees as described in this Complaint. Defendants' method of paying Plaintiff and the Class Members was not based on a good faith and reasonable belief that their conduct complied with the law.

32. Furthermore, Defendants required their tipped employees to attend monthly meetings for which no compensation was received. Furthermore, Defendants would make deductions for breaks regardless of whether or not Plaintiffs and other similarly situated employees had taken a break.

33. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiffs and the Class Members.

**GENERAL ALLEGATIONS RELATED TO PLAINTIFFS' OVERTIME CLAIMS**

34. Plaintiffs and other similarly situated individuals were employed by the Defendants as non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks

within three (3) years of the filing of this complaint. As servers, Plaintiffs and the putative class members' primary job duty was non-exempt work including, among others, serve and take orders from customers, clean and organize the restaurant.

35. During their employment, Plaintiffs regularly worked between 40-50 hours per work week. However, Plaintiffs were not compensated "on the books" for any of their hours over 40 in a work week. Instead, on the weeks Plaintiff worked additional hours, Plaintiffs were given cash claiming to compensate them for the overtime worked in a particular week.

36. However, based on information and belief, those payments were not at a rate of time and one-half the applicable regular rate and did not compensate Plaintiffs for all overtime worked.

37. Defendants knew that Plaintiffs and other putative class members were working overtime hours because they required Plaintiffs and putative class members to work overtime hours and/or were present during those hours.

38. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

39. Defendants have violated Title 29 U.S.C. §207 from November 2019 and continuing to date, in that:

   a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

8

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

40. Defendants maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

41. To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants. Thus, Plaintiffs are unable to determine and state the exact amount of damages due at this time.

## COLLECTIVE ACTION REPRESENTATION ALLEGATIONS

42. Plaintiffs and those similarly situated to them are all "nonexempt" waiters who were employed by Defendants at various times during the three (3) years preceding the filing of this action and performed substantially the same or similar job duties as one another regardless of the location or job site at which they worked.

43. Plaintiffs and those similarly situated were subjected to the same pay practices and policies detailed herein, specifically that they were routinely and regularly not compensated for all hours worked, a practice which resulted in them not receiving proper FLSA-mandated overtime and minimum wages. The potential class members are owed overtime wages for the same reasons as Plaintiffs.

44. Plaintiffs and those similarly situated are/were employees of Defendants' who were employed during workweeks worked during the three (3) years preceding the filing of this action and were compensated based on the billable hours reported.

45. Defendants' failure to properly keep time records for and compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA resulted from deliberate and willful policies and/or practices that Defendants knew violated the FLSA.

46. These policies and/or practices were applied to Plaintiffs as well as the proposed class

members. Application of these policies and/or practices did not depend on the personal circumstances of Plaintiffs or others similarly situated nor on the location at which they worked for Defendants. Rather, the same policies and/or practices which resulted in the non-payment or under-payment of overtime wages to Plaintiffs applied to all class members.

47. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay applicable minimum wage and overtime compensation with respect to Plaintiffs and the proposed class members.

48. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices with respect to Plaintiffs and those similarly situated: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

50. Defendants have acted willfully in failing to pay Plaintiffs and the potential class members in accordance with the law.

51. Upon information and belief, Defendants failed to maintain accurate records of the actual start time, stop time, total hours worked each day, and total number of hours worked each week by Plaintiffs and the other similarly situated employees for each and every workweek within the three (3) year statute of limitations period.

52. Plaintiffs know of individuals similarly situated to Plaintiffs who would wish to opt in to a

collective action were such an collective action certified by this Court.

53. Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

54. Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Plaintiffs and/or any other similarly situated employees prevail in this action.

## COUNT I
### VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST WALTER'S COFFEE SHOP, INC (MINIMUM WAGES)

55. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-33 and 42-54 of this Complaint as if fully set forth herein.

56. At all times during their employment, Plaintiffs and similarly situated employees were employees required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

57. Due to intentional, willful, and unlawful acts of WALTER'S COFFEE SHOP, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked for Defendants but were not paid the applicable minimum wages.

58. Plaintiffs and the Class Members were paid hourly rates less than the minimum wage while working for Defendants.

59. Plaintiff and the Class Members were not exempt from the minimum wage requirements of the FLSA.

60. Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiffs and the Class Members being paid less than the applicable minimum wage rate.

61. Defendants' failure to pay the minimum wage to Plaintiffs and the Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. 29 U.S.C. § 255(a).

62. The Plaintiffs incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of their wages and the failure to pay even a minimum hourly wage when due.

63. By reason of the said intentional, willful and unlawful acts of Coffee Shop, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

64. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire.

65. As a result of Coffee Shop's intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete minimum wages due, Plaintiffs and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against WALTER'S COFFEE SHOP, INC:

   A. Declaring that WALTER'S COFFEE SHOP, INC has violated the minimum wage provisions of the FLSA;

   B. As to Plaintiffs and others similarly situated:

      i. Awarding minimum wage compensation in amounts to be calculated;

      ii. Awarding liquidated damages in an equal amount to the wages awarded;

  iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

  iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); and

  v. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
### VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST GRACE BERBRICK
### (MINIMUM WAGES)

66. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-33 and 42-54 of this Complaint as if fully set forth herein.

67. At the times mentioned, GRACE BERBRICK was, and is now, a corporate officer of WALTER'S COFFEE SHOP.

68. GRACE BERBRICK was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that GRACE BERBRICK acted directly in the interests of WALTER'S COFFEE SHOP in relation to its employees including Plaintiffs.

69. Specifically, GRACE BERBRICK determined company payroll decisions, controlled the issuance of pay of Plaintiffs and similarly situated employees, and maintained the right to hire and fire all employees during all pertinent times hereto.

70. GRACE BERBRICK was at all relevant times, the owner of WALTER'S COFFEE SHOP and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

71. Defendant GRACE BERBRICK willfully and intentionally refused to properly pay Plaintiffs at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiffs and similarly situated employees these wages as

set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against GRACE BERBRICK:

    A. Declaring that GRACE BERBRICK has violated the minimum wage provisions of the FLSA;

    B. As to Plaintiffs and others similarly situated:

        i. Awarding minimum wage compensation in amounts to be calculated;

        ii. Awarding liquidated damages in an equal amount to the wages awarded;

        iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

        iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

        v. Ordering any other and further relief this Court deems to be just and proper.

## COUNT III
## VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST LEONARD BERBRICK
## (MINIMUM WAGES)

72. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-33 and 42-54 of this Complaint as if fully set forth herein.

73. At the times mentioned, Defendant LEONARD BERBRICK was, and is now, a corporate officer of WALTER'S COFFEE SHOP.

74. LEONARD BERBRICK was an employer of Plaintiffs and other similarly situated employees within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in

that LEONARD BERBRICK acted directly in the interests of Coffee Shop in relation to their employees including Plaintiffs.

75. Specifically, LEONARD BERBRICK determined company payroll decisions, gave instructions and directions to all employees including Plaintiffs, and maintained the right to hire and fire all employees during all pertinent times hereto.

76. LEONARD BERBRICK was at all relevant times, the owner of WALTER'S COFFEE SHOP and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

77. LEONARD BERBRICK willfully and intentionally refused to properly pay Plaintiffs at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiffs and similarly situated employees these wages as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against LEONARD BERBRICK:

  A. Declaring that LEONARD BERBRICK has violated the minimum wage provisions of the FLSA;
  B. As to Plaintiffs and others similarly situated:
     i. Awarding minimum wage compensation in amounts to be calculated;
     ii. Awarding liquidated damages in an equal amount to the wages awarded;
     iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

  iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  v. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST WALTERS COFFEE SHOP
### (OVERTIME COMPENSATION)

78. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-20 and 34-54 of this Complaint as if fully set forth herein.

79. Plaintiffs and those similarly situated employees are/were entitled to be paid, pursuant to the FLSA, at the rate of time and one-half of their effective hourly rate for the hours that they worked in excess of forty (40) hours in any workweek.

80. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked over forty (40) hours per week without receiving overtime compensation.

81. During their employment with Defendants, Plaintiffs and those similarly situated employees were not paid all overtime compensation due under the FLSA.

82. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative, or professional employees.

83. Defendants did not have a good faith basis for their failure to pay Plaintiffs and those similarly situated employees proper overtime pay for all hours worked, and in fact knew their failure to do so was in violation of the FLSA.

84. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees all overtime compensation due, Plaintiffs and those

similarly situated employees have suffered damages, including unpaid straight time, unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against WALTERS COFFEE SHOP, INC.:

A. Declaring that WALTER'S COFFEE SHOP has violated the overtime wage provisions of the FLSA;

B. As to Plaintiffs and others similarly situated:

 i. Awarding overtime compensation in amounts to be calculated;

 ii. Awarding liquidated damages in an equal amount to the overtime wages awarded;

 iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

 iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

 v. Ordering any other and further relief this Court deems to be just and proper.

<u>**COUNT V**</u>
**VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST GRACE BERBRICK**
**(OVERTIME COMPENSATION)**

85. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-20 and 34-54 of this Complaint as if fully set forth herein

86. At the times mentioned, Defendant GRACE BERBRICK was, and is now, a corporate officer and owner of WALTER'S COFFEE SHOP.

87. GRACE BERBRICK was an employer of Plaintiffs and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that GRACE BERBRICK acted directly in the interests of WALTERS COFFEE SHOP in relation to its employees including Plaintiffs.

88. Specifically, GRACE BERBRICK determined company payroll decisions, and maintained the right to hire and fire Plaintiffs and other similarly situated during all pertinent times hereto.

89. Defendant GRACE BERBRICK willfully and intentionally refused to properly pay Plaintiffs and other similarly situated employees overtime wages as required by the law of the United States as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against GRACE BERBRICK:

  A. Declaring that GRACE BERBRICK has violated the overtime wage provisions of the FLSA;
  B. As to Plaintiffs and others similarly situated:
      i. Awarding overtime compensation in amounts to be calculated;
      ii. Awarding liquidated damages in an equal amount to the overtime wages awarded;
      iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;
      iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  v. Ordering any other and further relief this Court deems to be just and proper.

## COUNT VI
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST LEONARD BERBRICK
### (OVERTIME COMPENSATION)

90. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-20 and 34-54 of this Complaint as if fully set forth herein

91. At the times mentioned, Defendant LEONARD BERBRICK was, and is now, a corporate officer and owner of WALTER'S COFFEE SHOP.

92. LEONARD BERBRICK was an employer of Plaintiffs and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that GRACE BERBRICK acted directly in the interests of WALTERS COFFEE SHOP in relation to its employees including Plaintiffs.

93. Specifically, LEONARD BERBRICK determined company payroll decisions, and maintained the right to hire and fire Plaintiffs and other similarly situated during all pertinent times hereto.

94. Defendant LEONARD BERBRICK willfully and intentionally refused to properly pay Plaintiffs and other similarly situated employees overtime wages as required by the law of the United States as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against LEONARD BERBRICK:

  A. Declaring that LEONARD BERBRICK has violated the overtime wage provisions of the FLSA;

  B. As to Plaintiffs and others similarly situated:

vi. Awarding overtime compensation in amounts to be calculated;

vii. Awarding liquidated damages in an equal amount to the overtime wages awarded;

viii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

ix. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

x. Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs, KIMBERLY MELROSE, BARBARA REGINA CARVAJAL, DEBORAH LOUISE RIESS, and CODIE REBECCA DILLASHAW, on behalf of themselves and others similarly situated and on behalf of prospective class and collective action members, demand a trial by jury on all issues so triable.

Dated: January 12, 2023

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com

20