UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 23-cv-20137-JB
[CONSENT CASE]

KIMBERLY MELROSE, *et al.*,

    Plaintiffs,

v.

WALTER'S COFFEE SHOP, INC., *et al.*,

    Defendants.
_____/

## ORDER MEMORIALIZING APPROVAL OF FLSA SETTLEMENT AND CLOSING CASE

THIS CAUSE came before the Court following the Parties' Joint Consent to U.S. Magistrate Judge Jacqueline Becerra, wherein the Parties elected to proceed before the undersigned. ECF No. [21]. The Honorable Rodolfo A. Ruiz, II, United States District Judge, referred this matter to the undersigned for all further proceedings. ECF No. [12].

The undersigned conducted a settlement conference (the "Settlement Conference") in this matter on February 27, 2023. *See* ECF No. [20]. During that Settlement Conference, the Parties reached an agreement (the "Settlement Agreement"). For the reasons stated at the Settlement Conference and below, the Court hereby **APPROVES** the settlement and orders the Clerk to **CLOSE** the case.

On January 12, 2023, a Complaint was filed against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). ECF No. [1]. The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x. 349, 351

1

(11th Cir. 2009). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x. at 351. In evaluating the reasonableness of the proposed attorneys' fee recovery, the Court should also consider the possible range of the Plaintiffs' recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

Here, at the conclusion of the Settlement Conference, the Parties entered into a settlement and the material terms were presented on the Court record. For the reasons stated on the record, the undersigned concludes that the resolution reached, including as to attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiffs' FLSA claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Parties' Settlement Agreement is **APPROVED**. It is further **ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case. It is further **ORDERED AND ADJUDGED** that this matter is hereby **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida on February 28, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**